1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11

12  ANTHONY J. VALADEZ, JR.,

13            Plaintiff,              CIV S-03-1553 WBS PAN PS

14        v.

15  COUNTY OF SIERRA, CALIFORNIA       FINDINGS AND RECOMMENDATIONS
    SIERRA COUNTY JAIL, SIERRA COUNTY
16  SHERIFF DEPARTMENT, WESTERN SIERRA
    MEDICAL CLINIC, JUDGE WILLIAM
17  PANGMAN, SHERIFF LELAND ADAMS,
    CORPORAL LOU FOXWORTHY, LYNN
18  JAKOBS, FRANK J. LANG, DOES 1-20,

19            Defendants.

20                         —∘○∘—

21        Plaintiff sues for redress for alleged violation of his

22  civil rights.  Plaintiff alleges that on July 12, 2002, he was

23  sentenced to five days' imprisonment in Sierra County jail for

24  contempt of court.  He duly reported at 9:00 a.m., August 9, and

25  was released at 9:00 p.m., when he was told he had completed

26  serving one day and must return at 9:00 a.m., August 16.  He did

as instructed but after medical examination was found unfit and

told to return August 23.  Plaintiff reported as instructed

August 23 when he was made to sit on a concrete bench in front of

the courthouse for 5 1/2 hours after which he was told to return

September 13.  On September 13, plaintiff arrived late at 9:30

and at noon was imprisoned without medical examination and served

four days imprisonment, being released at noon, September 17.  On

December 10, a judge vacated the sentence.  Plaintiff alleges he

was wrongfully imprisoned and claims redress pursuant to 42

U.S.C. §§ 1983, 1985, 1986 and state law.

Defendants move for summary judgment.

A party may move, without or without supporting

affidavits, for a summary judgment and the judgment sought shall

be rendered forthwith if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the

affidavits, if any, show that here is no genuine issue as to any

material fact and that the moving party is entitled to a judgment

as a matter of law.  Fed. R. Civ. P. 56(a)-(c).

An issue is "genuine" if the evidence is such that a

reasonable jury could return a verdict for the opposing party.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A fact is

"material" if it affects the right to recover under applicable

substantive law.  Id.  The moving party must submit evidence that

establishes the existence of an element essential to that party's

case and on which that party will bear the burden of proof at

trial.  Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any'" that the moving party believes demonstrate the absence of a genuine issue of material fact. Id., at 323.  If the movant does not bear the burden of proof on an issue, the movant need only point to the absence of evidence to support the opponent's burden.  To avoid summary judgment on an issue upon which the opponent bears the burden of proof, the opponent must "go beyond the pleadings and by her own affidavits, or by the "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"  Id., at 324.  The opponent's affirmative evidence must be sufficiently probative that a jury reasonably could decide the issue in favor of the opponent. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).  When the conduct alleged is implausible, stronger evidence than otherwise required must be presented to defeat summary judgment.  Id., at 587.

Fed. R. Civ. P. 56(e) provides that "supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  Nevertheless, the Supreme Court has held that the opponent need not produce evidence in a form

that would be admissible at trial in order to avoid summary judgment. <u>Celotex</u>, 477 U.S. at 324.  Rather, the questions are (1) whether the evidence could be submitted in admissible form and (2) "if reduced to admissible evidence" would it be sufficient to carry the party's burden at trial. <u>Id</u>., at 327. Thus, in <u>Fraser v. Goodale</u>, 342 F.3d 1032 (9th Cir. 2003), objection to the opposing party's reliance upon her diary upon the ground it was hearsay was overruled because the party could testify to all the relevant portions from personal knowledge or read it into evidence as recorded recollection.

A verified complaint based on personal knowledge setting forth specific facts admissible in evidence is treated as an affidavit. <u>Schroeder v. McDonald</u>, 55 F.3d 454 (9th Cir. 1995); <u>McElyea v. Babbitt</u>, 833 F.2d 196 (9th Cir. 1987).  A verified motion based on personal knowledge in opposition to a summary judgment motion setting forth facts that would be admissible in evidence also functions as an affidavit.  <u>Johnson v. Meltzer</u>, 134 F.,3d 1393 (9th Cir. 1998); <u>Jones v. Blanas</u>, 393 F.3d 918 (9th Cir. 2004).

Defects in opposing affidavits may be waived if no motion to strike or other objection is made.  <u>Scharf v. United States Attorney General,</u> 597 F.2d 1240 (9th Cir. 1979) (incompetent medical evidence).

The only federal guarantee implicated by plaintiff's allegations is the Eighth Amendment, which protects prisoners from cruel and unusual punishment during confinement.  Punishment

is cruel and unusual if it involves the unnecessary and wanton

infliction of pain but the Constitution does not require

comfortable prisons or jails.  <u>Rhodes v. Chapman</u>, 452 U.S. 337

(1981); <u>McGuckin v. smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1991).

Only deprivations denying the minimal civilized measure of life's

necessities are sufficiently grave to form the basis for an

Eighth Amendment violation.  <u>Wilson v. Seiter</u>, 501 U.S. 294

(1991).  Failure to provide medical care may violate the Eighth

Amendment if prison officials demonstrate deliberate indifference

to serious medical conditions that cause pain.  <u>Toguchi v. Chung</u>,

391 F.3d 1051 (9th Cir. 2004).  A prison official acts with

"deliberate indifference only if he knows of and disregards an

excessive risk to inmate health and safety."  <u>Id</u>., <u>Gibson v.</u>

<u>County of Washoe, Nevada</u>, 290 F.3d 1175, 1187 (9th Cir. 2002).

Under this standard, the prison official must not only be aware

of facts from which the inference could be drawn that a

substantial risk of serious harm exists but that person must also

draw the inference.  <u>Id</u>., <u>Farmer v. Brennan</u>, 511 U.S. 825, 837

(1994).  If a prison official should have been aware of the risk,

but was not, then the official has not violated the Eighth

Amendment, no matter how severe the risk.  <u>Gibson</u>, 290 F.3d at

1188.  This subjective approach focuses only on what a

defendant's mental attitude actually was.  <u>Farmer</u>, 511 U.S. at

839.  "Mere negligence in diagnosing or treating a medical

condition, without more, does not violate a prisoner's Eighth

Amendment rights."  <u>McGuckin</u>, 974 F.2d at 1059 (citation

1  omitted).

2      Deliberate indifference to medical needs may be shown by

3  circumstantial evidence when the facts are sufficient to

4  demonstrate that a defendant actually knew of a risk of harm.

5  Lolli v. County of Orange, 351 F.3d 410, 421 (9 th Cir. 2003);

6  see also Gibson, 290 F.3d at 1197 (acknowledging a plaintiff may

7  demonstrate that officers "must have known" of a risk of harm by

8  showing the medical need was obvious and extreme).

9      In opposition to the pending motion, plaintiff avers that

10  in consequence of a bus accident in May 2002 he suffered

11  continuing pain in his neck, back and shoulder from an

12  undiagnosed condition.  He avers that when he first reported to

13  the jail on August 9 he complained of the pain and was seen by a

14  nurse practitioner who determined he was fit, i.e., the jail

15  could provide care required to satisfy its constitutional duty.

16  He avers he was seen twice more during the day and was provided

17  pain medicine in the afternoon before being released at 9:00 p.m.

18  He avers that on September 13, a health care provider determined

19  he was fit to serve his sentence and recommended the jail provide

20  plaintiff with two mattresses on a bed, a padded chair and extra

21  pillows but the jail did not provide the extra mattress until

22  September 15 and never provided the other items.  By increased

23  amounts of medicine, plaintiff avers his pain subsided to a

24  tolerable level by the afternoon of September 15 but the medicine

25  caused him to vomit that night.

26      Plaintiff's own account demonstrates defendants did not

6

violate his federal civil rights and that defendants are entitled to summary judgment upon their federal claims.  If plaintiff's allegations state any claim for relief under state law, this court should decline to exercise its supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(3).  I recommend defendants' motion for summary judgment be granted.

These findings and recommendations are submitted to the Honorable William B. Shubb, the United States District Judge assigned to this case.  28 U.S.C. § 636(b)(1).  Written objections may be filed within ten days after being served with these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 20, 2005.

<u>    /s/ Peter A. Nowinski    </u>
PETER A. NOWINSKI
Magistrate Judge