ROBERT H. ZIMMERMAN, Bar No. 84345
SCHUERING ZIMMERMAN
SCULLY & DOYLE, LLP
400 University Avenue
Sacramento, California 95825-6502
(916) 567-0400
FAX: 568-0400

Attorneys for Defendant WESTERN SIERRA MEDICAL
CLINIC, INC., LYNN JAKOBS and FRANK LANG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF THE STATE OF CALIFORNIA

ANTHONY J. VALADEZ, JR.,

    Plaintiff,

vs.

COUNTY OF SIERRA, CALIFORNIA; SIERRA COUNTY JAIL; SIERRA COUNTY SHERIFF DEPARTMENT; WESTERN SIERRA MEDICAL CLINIC; JUDGE WILLIAM PANGMAN; SHERIFF LELAND ADAMS; CORPORAL LOU FOXWORTHY; LYNN JAKOBS; FRANK J. LANG, DOES 1-20,

    Defendants.

NO. CIV 2 03 1553 WBS PAN

RESPONSE OF DEFENDANTS FRANK LANG, LYNN JAKOBS, AND WESTERN SIERRA MEDICAL CLINIC TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS

    COMES NOW defendants Western Sierra Medical Clinic, Frank Lang, and Lynn Jakobs, responding to plaintiff's objections to the Magistrate Judge's Findings and Recommendations as follows:

**I.**

**PLAINTIFF'S OBJECTIONS LACK SUBSTANCE AND MERIT.**

    Plaintiff takes issue with the fact that no hearing was held with respect to defendants' motions for summary judgment. Glaringly absent is any citation to any competent authority that such a hearing is required in order for a moving party to prevail on summary judgment. As more fully set forth in the Fed. R. Civ. P. 56(a) - (c), as cited

1

by the court in its findings and recommendations:

> "A party may move, without or without supporting affidavits, for a summary judgment and the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a)-(c).

## II.

### CONTRARY TO PLAINTIFF'S ASSERTIONS, THE COURT'S FINDINGS AND RECOMMENDATIONS DEMONSTRATE CONSIDERATION OF THE FACTS AND APPLICABLE LAW

Plaintiff's objections to the Magistrate Judge's Findings and Recommendations repeatedly charge the court with failing to consider plaintiff's medical condition prior to and during his incarceration. However, to the contrary, the findings and recommendations are indicative of an appropriate and thorough analysis of the facts and applicable law. It is evident from the findings that plaintiff has failed to demonstrate a triable issue of material fact with respect to the defendant's alleged deliberate indifference to plaintiff's alleged serious medical condition as those terms are defined in authority cited by the court in its findings and recommendations.

None of the issues plaintiff raises in his objections to the Magistrate's findings are relevant to any genuine issue as to any material facts.

As more fully set forth in the Magistrate Judge's findings and recommendations, it is insufficient for plaintiff to rely upon his own conclusory and accusatory pleadings and affidavits to avoid summary judgment:

> "To avoid summary judgment on an issue upon which the opponent bears the burden of proof, the opponent must "go beyond the pleadings and by her own affidavits, or by the "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.*, at 324. The opponent's affirmative evidence must be sufficiently probative that a jury reasonably could decide the issue in favor of the opponent. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 474, 588 (1986).

Plaintiff's objections to the court's findings and recommendations are strikingly

RESPONSE OF DEFENDANTS FRANK LANG, LYNN JAKOBS,
AND WESTERN SIERRA MEDICAL CLINIC TO PLAINTIFF'S
OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND
RECOMMENDATIONS

similar, if not virtually identical to his conclusory allegations set forth in not only his complaint, but also his affidavits in support of his opposition to defendant's motions for summary judgment. There is no evidence whatsoever that these moving defendants violated plaintiff's Eighth Amendment Rights to protection from cruel and unusual punishment, much less that they were even medically negligent in their care and treatment of him.

### III.
### CONCLUSION

For reasons more fully set forth above, in these defendants' moving papers, and the court's Findings and Recommendations, these moving defendants respectfully request the court issue an order granting summary judgment over the plaintiff's objections to the findings by the Magistrate Judge.

Dated:       May 5, 2005

SCHUERING ZIMMERMAN
SCULLY & DOYLE, LLP

By _____David Garland_____
         DAVID M. GARLAND

RESPONSE OF DEFENDANTS FRANK LANG, LYNN JAKOBS,
AND WESTERN SIERRA MEDICAL CLINIC TO PLAINTIFF'S
OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND
RECOMMENDATIONS

*Proof of Service—Civil*
[Code of Civ. Proc. §§ 1011, 1013, 1013a, 2015.5]

**Method of Service:**

☐ By Personal Service ☐ By Mail ☐ By Overnight Delivery
☐ By Messenger Service ☒ By Facsimile ☐ By E-Mail/Electronic Transmission

1. At the time of service I was over 18 years of age and not a party to this action.

2. My business address is: **400 University Avenue, Sacramento, California 95825**.

3. On **May 5, 2005**, I served the following documents:

   RESPONSE OF DEFENDANTS FRANK LANG, LYNN JAKOBS, AND WESTERN SIERRA MEDICAL CLINIC TO PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS; PROOF OF SERVICE

4. I served the documents on the persons below, as follows:

   | Names and Addresses | Fax Numbers/E-mail Addresses if applicable |
   |---|---|
   | Anthony J. Valadez, Jr.<br>7210 Palm Avenue<br>Fair Oaks, California 95628 | 916-966-2553 |
   | Keith Nourot<br>Porter Scott Weiberg & Delehant<br>340 University Avenue, Suite 200<br>Sacramento, CA 95865 | 916-927-3706 |

5. The documents were served by the following means *(specify)*:

   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

   b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:
   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
   (2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at **Sacramento, California**.

c. ☐ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☒ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: **May 5, 2005**

Jacquie D. Robinson
_____
(TYPE OR PRINT NAME OF DECLARANT)

*/s/ Jacquie Robinson*
_____
(SIGNATURE OF DECLARANT)

(If item 5d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)

### DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date)*: _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _____

_____
(TYPE OR PRINT NAME OF DECLARANT)

*Proof of Service—Civil*
[Code of Civ. Proc. §§ 1011, 1013, 1013a, 2015.5]

_____
(SIGNATURE OF DECLARANT)

*Proof of Service—Civil*
[Code of Civ. Proc. §§ 1011, 1013, 1013a, 2015.5]